ORIGINAL

1   GENGA & ASSOCIATES, P.C.
    JOHN M. GENGA (SB# 125522)
2   DON C. MOODY (SB# 231110)
    JERL B. LEUTZ (SB# 253229)
3   15260 Ventura Blvd., Suite 1810
    Sherman Oaks, CA  91403
4   Telephone: (818) 444-4580
    Facsimile: (818) 444-4585
5
    Attorneys for Plaintiff
6   NEW MOTION, INC.

7

8               UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF CALIFORNIA
9

10  NEW MOTION, INC. (d/b/a          CASE NUMBER: 09 CV 0099 WQH BLM
11  ATRINSIC  MEDIA), a
    Delaware corporation,
12                                   COMPLAINT FOR DAMAGES AND
            Plaintiff,               OTHER RELIEF FOR:
13
        vs.                          (1)  BREACH OF CONTRACT;
14
    SMS.AC, INC. (d/b/a              (2)  FRAUD;
15  FanBox), a California
    Corporation, BRANDIE            (3)  NEGLIGENT
16  SMITH, an individual,                MISREPRESENTATION;
    MICHAEL POUSTI, an
17  Individual, and DOES 1          (4)  PROMISSORY ESTOPPEL;
    through 50, inclusive,
18                                   (5)  MONEY HAD AND RECEIVED;
            Defendants.
19                                   (6)  CONVERSION;

20                                   (7)  UNJUST ENRICHMENT; and

21                                   (8)  CALIFORNIA UNFAIR
                                         COMPETITION
22
                                     DEMAND FOR JURY TRIAL
23

24

25                                   BY FAX

26

27

28

                              - 1 -

PLAINTIFF NEW MOTION, INC.'S COMPLAINT FOR DAMAGES, RESTITUTION

FILED

09 JAN 16 PM 3:39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ___ DEPUTY

As and for its complaint in this action, Plaintiff NEW MOTION, INC. d/b/a Atrinsic Media ("Atrinsic " or "Plaintiff") hereby alleges as follows:

## THE PARTIES

1.   Plaintiff is a corporation duly organized and existing under the laws of the State of Delaware, and having its principal place of business located in Pearl River, New York.

2.   Plaintiff is informed and believes and on that basis alleges that at all times relevant hereto, defendant SMS.AC, INC. (d/b/a FanBox)("FanBox") has been and is a California corporation with its principal place of business in San Diego, California.

3.   Plaintiff is informed and believes and on that basis alleges that defendants BRANDIE SMITH ("Smith") and MICHAEL POUSTI ("Pousti" or, collectively with Smith and FanBox, the "Defendants") are individuals who at all times relevant hereto have resided in San Diego County.  Plaintiff is also informed and believes that each of Smith and Pousti has been and is an employee, owner, officer, or alter-ego of FanBox.

///

///

///

PLAINTIFF NEW MOTION, INC.'S COMPLAINT FOR DAMAGES, RESTITUTION

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1332(a)(1).  The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5.    Venue is proper in this district because all parties have affirmatively consented to resolving disputes in this district, as part of a contract between them.  Venue is also proper pursuant to 28 U.S.C. § 1391(a) and (c), in that the Defendants reside, do business and have engaged in conduct intended or foreseeably likely to cause, and which has caused, injury to Atrinsic in this district.

## FACTS

6.    On or about April 22, 2008, Atrinsic entered into an agreement with Defendants for advertising services (the "Agreement") related to cellular/mobile phones (a copy of which is attached hereto as Exhibit A) The Agreement provided that Defendants were to develop a registration process for new subscribers (the "Registration Campaign"). The Registration Campaign would allow new subscribers a way to sign up for Atrinsic's promotions.

///

///

PLAINTIFF NEW MOTION, INC.'S COMPLAINT FOR DAMAGES, RESTITUTION

7.     Pursuant to the Agreement, Atrinsic agreed to pay Defendants $8.00 for every new subscriber of Atrinsic's services. Further, Atrinsic agreed to pay Defendants two hundred and twenty five thousand dollars ($225,000.00) (representing 28,125 subscribers) in advance (the "Advance") immediately upon execution of the Agreement. The Agreement designated $75,000.00 of the Advance as "payment for FanBox to develop the registration process for Atrinsic and is nonrefundable in the event of termination of the Agreement."

8.     The Agreement further provided that the parties were to mutually agree on the creative presentation and format (the "Creative") for the Registration Campaign.

9.     Pursuant to the Agreement, upon payment of the Advance and confirmation that Atrinsic had approved the Creative, Defendants agreed to "exert best efforts to complete the registration process for the Atrinsic Registration Campaign within ten (10) business days of Creative Approval."

10.     The Agreement further provided that, after the above-referenced launch, Defendants would exert best efforts to deliver "14,000 subscriptions within fourteen (14) calendar days of the completion of the registration process," and "a minimum of 1,000 daily subscriptions" subsequent thereto.  Factoring in these numbers, Defendants represented that they could realistically deliver 28,125

subscriptions (the number pre-paid by the Advance) within roughly one month of launch.

11.    Each of Atrinsic and Defendants understood that strict adherence to deadlines was critical for this relationship. Indeed, Atrinsic expressly reserved the right to terminate the Agreement if these milestones were not achieved. In such event, the Agreement required Defendants to refund all portions of the Advance "relating to unfulfilled subscriptions."

12.    Because the Agreement was in place, Atrinsic refrained from pursuing an advertising relationship with certain potential partners that it had identified as alternate providers.  Atrinsic is informed and believes and based thereon alleges that Defendants were aware and/or reasonably should have expected that Atrinsic would act in this manner.

13.    On April 23, 2008, Atrinsic paid the Advance to Defendants via wire transfer.

14.    On April 28, 2008, one of Atrinsic's representatives, Jonathan Smyth ("Smyth"), communicated the company's approval of the Creative to Defendants for the first time (the "1st Approval").

PLAINTIFF NEW MOTION, INC.'S COMPLAINT FOR DAMAGES, RESTITUTION

15.    Ten business days later, Defendants had not launched the Atrinsic Registration Campaign, nor provided any explanation as to why it failed to do so.  An Atrinsic representative, Jonathan Katz ("Katz") contacted Defendant Smith and stated that Atrinsic wished to terminate the Agreement.

16.    On May 16, 2008, Katz and Defendant Smith had a phone conversation where the parties agreed to reschedule the launch date ten business days from that date. Katz re-approved the Creative.

17.    On May 19, 2008, defendant Smith acknowledged Atrinsic's approval in writing, and communicated that "[n]o later then Monday, June 2," FanBox "will launch the Atrinsic Registration Campaign." Further Smith stated that Defendants would "undertake best efforts to launch earlier than this date." Atrinsic's Smyth responded by pointing out that Defendants had received the approval on April 16th, not April 19th, and was of the view that the ten (10) business day period was already underway. Smyth also reminded Defendant Smith that Defendants had also been given all of the "posting instructions to create the reg flow," and this allows most Atrinsic partners to be setup within a few days. Defendant Smith stated that Defendants would "do all we can to launch sooner."

6

18.   On May 28, 2008, two days before the date scheduled for the first proposed launch (May 30th), Atrinsic's Smyth asked a technical contact working for Defendants, one Chad Horton ("Horton"), for a status update. Horton replied that "everything is looking great" and that he was confident that the Registration Campaign "will be live on Monday" (i.e. June 2, 2008).  Smyth expressed concern about making an untested service public, and said that Atrinsic would like to see at least a demo version live by Friday, May 30, 2008, so that pre-launch testing could be performed.

19.   On May 29, 2008, Horton told Smyth in an email that Defendants' registration system was having problems "aggregating" various items of information for delivery to Atrinsic.  Horton proposed implementing an "iFrame" as a work-around, which is a means by which content from one site (e.g. Atrinsic's site) can be viewed through a "frame" on another site (e.g. FanBox's site).

20.   On May 30, 2008, Smyth stated to Horton that the proposed work-around was not at all what was originally agreed to, and would "convert at a much lower rate." Smyth also communicated his frustration that, despite Atrinsic's repeated efforts, Defendants refused to get their technical representatives on a conference call with Atrinsic's representatives in order to discuss the aggregation problem. Smyth also expressed doubt as to whether the Atrinsic

7

PLAINTIFF NEW MOTION, INC.'S COMPLAINT FOR DAMAGES, RESTITUTION

project was truly a priority for Defendants. Horton responded by stating that the project was indeed important to Defendants, but that "email is the best method for [communication] so we can keep moving forward."

21.   On June 2, 2008, Defendants' representative, Hank Greenberg, confirmed by telephone that the Registration Campaign would not launch on time.

22.   On June 3, 2008, Smyth again expressed that Atrinsic intended to terminate the Agreement due to Defendants' inability to implement the required deliverables in a timely manner.   Atrinsic demanded that the Advance be returned in full.

23.   Another of Defendants' representatives, Bill Zorr, contacted Smyth later that day and asked if alternate arrangements could be made that would cause Atrinsic to reconsider. In response, Smyth proposed that Atrinsic complete the development work on Defendants' behalf, and Defendants' site would display the data via an iFrame, as Horton had earlier suggested. However, in exchange for taking on the development responsibilities, Atrinsic asked that: (i) Defendants' commission rate be reduced from $8.00 per subscriber to roughly $5.50-$6.00 per subscriber; (ii) Atrinsic be refunded the entire $225,000.00 Advance if Defendants did not launch within forty-eight (48) hours of receiving the completed launch materials from Atrinsic; and

(iii) that, in any event, the $75,000.00 allocated in the Advance for Defendants' development costs be refunded (since Atrinsic was now the one doing the development).

24.     Despite the fact that Atrinsic was willing to take over Defendants' development responsibilities, and the data would be displayed via the iFrame work-around (a stop-gap solution *Defendants* themselves had originally suggested), no response was ever given to Smyth's proposal, and the Registration Campaign still has not launched.

25.     There is now insufficient time in 2008 for Atrinsic to re-start negotiations with any other prospective partners. Plaintiff has lost the revenue that it would have been able to claim this year had Defendants fulfilled their obligations in a timely manner. Hence it has brought the instant action.

## FIRST CLAIM FOR RELIEF

### (For Breach of Contract – Against All Defendants)

26.     Atrinsic realleges, and incorporates herein by this reference, the allegations of paragraphs 1 through 25 hereof, inclusive.

27.     On or about April 22, 2008, Atrinsic and Defendants entered into a written contract, the Agreement.

PLAINTIFF NEW MOTION, INC.'S COMPLAINT FOR DAMAGES, RESTITUTION

28.   Atrinsic has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Agreement, save those which are excused due to Defendants' acts in breach of the Agreement.

29.   As outlined in detail above, Atrinsic has provided Defendants with several opportunities to complete the Registration Campaign in a timely manner or, at minimum, to refund the Advance. However, Defendants have failed to do either of these things, and are in breach of the Agreement.

30.   Defendants have also breached the covenant of good faith and fair dealing, which is implied into the Agreement under California law, by giving empty promises (which they had no intention of fulfilling) to complete the Registration Campaign on schedule, and later by their bad faith refusal to refund the Advance, despite their complete failure to perform.

31.   As a direct and foreseeable result of Defendants' acts in breach of the Agreement (including the covenant of good faith and fair dealing implied therein), Atrinsic has been damaged in an amount to be proven at trial, but in no event less than three hundred sixty five thousand dollars ($365,000.00), representing the $225,000.00 Advance plus the profits that Atrinsic would have made on those 28,125 subscribers.  Atrinsic is also entitled to

1  prejudgment interest and costs. Further, the Agreement

2  provides for the recovery of attorneys' fees resulting from

3  or in connection with an action for "breach of any

4  agreement, representation or warranty herein." Defendants

5  have breached the Agreement, so Atrinsic is further entitled

6  to recover reasonable attorneys' fees from them.

7

8                    **SECOND CLAIM FOR RELIEF**

9             **(For Fraud — Against All Defendants)**

10

11        32.   Atrinsic realleges, and incorporates herein

12  by this reference, the allegations of paragraphs 1 through

13  31 hereof, inclusive.

14

15        33.   On or about May 19, 2008 defendant Smith,

16  acting on behalf of herself and the other Defendants, and

17  each of them, promised and represented to Smyth and Katz in

18  writing that "[n]o later than Monday, June 2," Defendants

19  "will launch the Atrinsic Registration Campaign." Further,

20  Smith represented that Defendants would "undertake best

21  efforts to launch earlier than this date."

22

23        34.   Atrinsic is informed and believes, and

24  therefore alleges, that at the time said promise was made,

25  neither Smith nor any of the other Defendants had any

26  intention of completing the Registration Campaign on

27  schedule or refunding the Advance.

28

35.   Atrinsic is informed and believes, and on that basis alleges, that the above-referenced promise was made with the intent to induce Atrinsic to, inter alia: (i) forestall the termination of the Agreement and demand for the return of the Advance; (ii) refrain from pursuing similar relationships with other mobile marketing partners; and/or (iii) forego bringing legal action against Defendants (such as this lawsuit).

36.   Atrinsic did, in fact, rely on this promise to its detriment, by, inter alia: (i) forestalling the termination of the Agreement and demand for the return of the Advance; (ii) refraining from pursuing similar relationships with other mobile marketing partners; and (iii) forgoing the institution of formal legal action against Defendants (such as this lawsuit).

37.   Atrinsic is further informed and believes, and on that basis alleges, that Defendants knew or reasonably should have expected that in making said promise, Atrinsic would so rely.

38.   As a direct and proximate result of Defendants' tortious conduct, Atrinsic has suffered damage, in an amount to be determined at trial, but in no event less than three hundred sixty five thousand dollars ($365,000.00), plus prejudgment interest, costs and reasonable attorneys' fees.

39.   Further, Atrinsic is informed and believes, and on that basis alleges that Defendants' actions were willful, malicious, and done with a conscious disregard for Atrinsic's rights.  As such, Defendants should be deemed to have committed intentional fraud, entitling Atrinsic to punitive and exemplary damages according to proof at trial in order to make an example out of the Defendants and deter similar conduct.

### THIRD CLAIM FOR RELIEF

**(Negligent Misrepresentation – Against All Defendants)**

40.   Atrinsic realleges, and incorporates herein by this reference, the allegations of paragraphs 1 through 39 hereof, inclusive.

41.   Smith, acting on behalf of both herself and the other Defendants, and each of them, had no reasonable grounds for believing that her representations regarding the launch of the Registration Campaign were true, and instead made them with the intent to induce Atrinsic to act in detrimental reliance as herein alleged.

42.   As a direct and proximate result of Defendants' negligent conduct, Atrinsic has suffered damage in an amount to be determined at trial, but in no event less than three hundred sixty five thousand dollars

PLAINTIFF NEW MOTION, INC.'S COMPLAINT FOR DAMAGES, RESTITUTION

($365,000.00), plus prejudgment interest, costs and reasonable attorneys' fees.

### FOURTH CLAIM FOR RELIEF

**(Promissory Estoppel – Against All Defendants)**

43.    Atrinsic realleges, and incorporates herein by this reference, the allegations of paragraphs 1 through 42 hereof, inclusive.

44.    As a direct and foreseeable result of Defendants' promise, Atrinsic has suffered damage, in an amount to be determined at trial, but in no event less than three hundred sixty five thousand dollars ($365,000.00), plus prejudgment interest, costs and reasonable attorneys' fees.

45.    Injustice can be avoided only by enforcing Defendants' promise completely.

### FIFTH CLAIM FOR RELIEF

**(Money Had and Received – Against All Defendants)**

46.    Atrinsic realleges, and incorporates herein by this reference, the allegations of paragraphs 1 through 45 hereof, inclusive.

47.    On or about April 22, 2008 Defendants became indebted to Atrinsic in the sum of two hundred and twenty five thousand dollars ($225,000.00) for money had and received by Defendants for Atrinsic's use and benefit. Defendants are fully aware of said debt.

48.    Atrinsic has demanded payment of this money from Defendants, but to no avail. The last demand was made on or about June 26, 2008.

49.    No payment has been made by Defendants, and there is now owing the sum of two hundred and twenty five thousand dollars ($225,000.00), with prejudgment interest on that amount plus costs.

50.    The Agreement provides that in the event legal action is taken for a breach of any "agreement, representation or warranty" contained therein, attorneys' fees may be recovered.  As such, Atrinsic is entitled to recover reasonable attorneys' fees from Defendants.

## SIXTH CLAIM FOR RELIEF

### (Conversion— Against All Defendants)

51.    Atrinsic realleges, and incorporates herein by this reference, the allegations of paragraphs 1 through 50 hereof, inclusive.

PLAINTIFF NEW MOTION, INC.'S COMPLAINT FOR DAMAGES, RESTITUTION

52.    On or about April 23, 2008, Atrinsic wired the two hundred and twenty five thousand dollar ($225,000.00) Advance to Defendants pursuant to the Agreement.   Defendants were then obligated to use their best efforts to launch the Registration Campaign within the time allotted in the Agreement. Defendants further agreed, in the event that the Registration Campaign was not launched on schedule, to return the Advance to Atrinsic.

53.    Despite the fact that the Registration Campaign was not launched on schedule (or at all), Defendants still retains possession of the two hundred and twenty five thousand dollar ($225,000.00) Advance.

54.    Atrinsic has demanded payment of this money from Defendants, but to no avail. The last demand was made on or about June 26, 2008.

55.    As a direct and proximate result of Defendants' wrongful exercise of dominion over the Advance, Atrinsic has been damaged, in an amount to be determined at trial but in no event less than the converted sum of two hundred twenty five thousand dollars ($225,000.00), plus prejudgment interest and the costs of recovering said sum, along with reasonable attorneys' fees.

56.    Further, Atrinsic is informed and believes, and on that basis alleges that Defendants' acts of

PLAINTIFF NEW MOTION, INC.'S COMPLAINT FOR DAMAGES, RESTITUTION

conversion were willful, malicious, and done with a conscious disregard for Atrinsic's rights. As such, Atrinsic is entitled to punitive and exemplary damages according to proof at trial in order to make an example out of the Defendants and deter similar conduct.

## SEVENTH CLAIM FOR RELIEF

### (Unjust Enrichment – Against All Defendants)

57.   Atrinsic realleges, and incorporates herein by this reference, the allegations of paragraphs 1 through 56 hereof, inclusive.

58.   As set forth above, Atrinsic paid the Advance to Defendants pursuant to the Agreement, with the reasonable expectation that Defendants would either launch the Registration Campaign on schedule or, at minimum, return the Advance to Atrinsic.

59.   The Registration Campaign did not launch on schedule (or at all), yet Defendants still have not refunded the Advance.

60.   Defendants voluntarily accepted and benefitted from the Advance, and it would be inequitable and unconscionable to allow them to continue to do so, despite their complete failure to satisfy their obligations or provide any benefit whatsoever to Atrinsic.

17

61.    As such, Atrinsic is entitled to restitution of the Advance, as well as disgorgement of any profits, gains and advantages obtained via Defendants' use and enjoyment thereof, the exact amount of which is extremely difficult to calculate and is presently unknown, but which will be proven at trial in an amount exceeding the jurisdictional minimum of this Court.

## EIGHTH CLAIM FOR RELIEF

**(California Unfair Competition – Against All Defendants)**

62.    Atrinsic realleges, and incorporates herein by this reference, the allegations of paragraphs 1 through 61 hereof, inclusive.

63.    Defendants' unlawful and fraudulent conduct constitutes unfair competition, within the meaning of Business and Professions Code Section 17203.

64.    As a direct and proximate result of Defendants' unfair competition, Atrinsic has suffered and continues to suffer injury in fact by losing money and/or property in an amount to be proven at trial, but in no event less than the jurisdictional minimum of this Court.

65.    Atrinsic is informed and believes and on that basis alleges that Defendants' have obtained certain profits, gains and advantages as a result of their unfair

PLAINTIFF NEW MOTION, INC.'S COMPLAINT FOR DAMAGES, RESTITUTION

competition.  The full extent of these profits, gains and advantages remains unknown, and will be established according to proof at trial, but is in no event less than the jurisdictional minimum of this Court.

66.    Atrinsic is entitled to restitution, including disgorgement of profits, pursuant to California Business & Professions Code Section 17203, of any money or property it lost or Defendants' acquired by way of unfair competition.

**PRAYER FOR RELIEF**

WHEREFORE, Atrinsic prays for judgment against Defendants as follows:

1.    On the First and Fourth cause of action:

- for compensatory damages in an amount to be proven at trial, but in no event less than three hundred sixty five thousand dollars ($365,000.00);

- for prejudgment interest and costs of suit;

- for reasonable attorneys' fees;

2.    On the Second, Third and Sixth causes of action:

- for compensatory damages in an amount to be proven at trial, but in no event less than three hundred sixty five thousand dollars ($365,000.00);

- for punitive and exemplary damages in an amount to be proven at trial;

- for prejudgment interest and costs of suit;

- for reasonable attorneys' fees;

3.  On the Fifth, Seventh and Eighth causes of action:

- for restitution of the $225,000.00 Advance;

- for disgorgement of any profits, gains or advantages wrongfully obtained by Defendants;

- for prejudgment interest and costs of suit;

- for reasonable attorneys' fees;

4.  For any other relief as this Court may deem just and proper.


DATED: January 16, 2009        GENGA & ASSOCIATES, P.C.


                                _____

                                Don C. Moody, Esq.
                                Attorneys for Plaintiff
                                NEW MOTION, INC.

PLAINTIFF NEW MOTION, INC.'S COMPLAINT FOR DAMAGES, RESTITUTION

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38.1, Atrinsic hereby demands trial by jury on all matters so triable.

DATED: January 16, 2009      GENGA & ASSOCIATES, P.C.

_____

Don C. Moody, Esq.
Attorneys for Plaintiff
NEW MOTION, INC.

PLAINTIFF NEW MOTION, INC.'S COMPLAINT FOR DAMAGES, RESTITUTION

ORIGINAL

JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

**I. (a) PLAINTIFFS**

NEW MOTION, INC. (d/b/a ATRINSIC MEDIA)

**DEFENDANTS**

SMS.AC, INC., BRANDIE SMITH, MICHAEL POUSTI

09 JAN 16 PM 3:30

**(b)** County of Residence of First Listed Plaintiff   Rockland (NY)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

GENGA & ASSOCIATES, P.C., 15260 VENTURA BLVD., SUITE 1810, SHERMAN OAKS, CA 91403, 818-444-4580

Attorneys (If Known)

N/A

'09 CV 0099 WQH BLM

BY FAX

| **II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
DIVERSITY CLAIM FOR BREACH OF CONTRACT, FRAUD, NEGLIGENT MISREPRESENTATION,

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE                        DOCKET NUMBER

DATE
01/16/2009

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # 159097   AMOUNT $350   APPLYING IFP            JUDGE            MAG. JUDGE

1/16/09

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 159097   — TC

## January 16, 2009
## 15:40:46

## Civ Fil Non-Pris

USAO #.: 09CV0099
Judge..: WILLIAM Q HAYES
Amount.:                    $350.00 CK
Check#.: 3055146

Total—> $350.00

FROM: NEW MOTION VS SMS AC INC